**UNITED STATES of America,**
**Plaintiff–Appellee,**

v.

**Delar WILKINS, also known as Delmar Wilkins, also known as Delman Wilkins, Defendant–Appellant.**

**No. 05–20518**
**Conference Calendar.**

United States Court of Appeals,
Fifth Circuit.

June 20, 2006.

James Lee Turner, Assistant U.S. Attorney, U.S. Attorney's Office Southern District of Texas, Houston, TX, for Plaintiff–Appellee.

Marjorie A. Meyers, Federal Public Defender, H. Michael Sokolow, Federal Public Defender's Office Southern District of Texas, Houston, TX, for Defendant–Appellant.

Before STEWART, DENNIS, and OWEN, Circuit Judges.

PER CURIAM: *

Delar Wilkins appeals his guilty-plea conviction and sentence for possession of a firearm by a convicted felon. He raises two issues in this appeal.

First, Wilkins argues the district court erred by finding that his prior Texas felony conviction for burglary of a habitation was a crime of violence under U.S.S.G. §§ 2K2.1(a)(2) and 4B1.2(a). The district court correctly found that Wilkins's prior

---

conviction for burglary of a habitation was a conviction for a crime of violence. *See United States v. Garcia–Mendez*, 420 F.3d 454, 456–57 (5th Cir.2005), *cert. denied*, — U.S. ——, 126 S.Ct. 1398, 164 L.Ed.2d 100 (2006); *United States v. Hornsby*, 88 F.3d 336, 339 (5th Cir.1996).

Second, Wilkins contends that the felon-in-possession-of-a-firearm statute, 18 U.S.C. § 922(g), is unconstitutional under the Commerce Clause because it criminalizes the possession of firearms which do not substantially affect interstate commerce and that there was insufficient evidence to establish there was a substantial effect on interstate commerce. Wilkins correctly concedes that these arguments are foreclosed by circuit precedent. *See United States v. Daugherty*, 264 F.3d 513, 518 & n. 12 (5th Cir.2001). He raises the issues to preserve them for further review.

AFFIRMED.

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under

the limited circumstances set forth in 5TH CIR. R. 47.5.4.